# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| EVYLYN B. COBB ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO. 09-0516-CG-C |
| SPRINGHILL SENIOR RESIDENCE ) NURSING HOME, ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on defendant's motion for summary judgment (Doc. 21), and defendant's reply (Doc. 26). Because plaintiff has filed no opposition or response to defendant's motion, the court finds that plaintiff has abandoned her claims and that summary judgment is due to be granted in defendant's favor.

## BACKGROUND

Plaintiff filed this case seeking equitable and injunctive relief, compensatory damages, punitive damages and back pay for wrongful termination in violation of the Family and Medical Leave Act of 1993 (FMLA), and Title I of the American with Disabilities Act of 1990 (ADA). (Amended Complaint, Doc. 5). Plaintiff was employed by defendant as a Laundry Aid from April 2006 to July 2008. (Doc. 5, ¶ 8). Plaintiff claims she suffers from anxiety and depression but has satisfactorily performed the essential functions of her position. (Doc. 5, ¶ 11).

1

On or about July 8, 2008, plaintiff informed her supervisor, Jim Gibbens, that her shoulder hurt and she wanted to quit. Gibbens encouraged her to see a doctor before making any rash decisions. Plaintiff left work early that day and was out until July 11 during which time she did not call in before her scheduled shifts, nor did she show up for work. (See Doc. 22-2, Defendant's First Request for Admissions Propounded to Plaintiff).[1] Defendant maintains a Call-In policy that requires employees to provide adequate notice for anticipated absences at least two hours in advance of the scheduled shift, and if an employee is absent from work, but not under a physicians care, she must call in on a daily basis. (See Doc. 22-3, Call-In Procedure).

According to defendant, on July 11, Plaintiff called in and said that she would not be back to work until July 15. Gibbens informed her that she needed to bring a physician's excuse for the time that she was out. Plaintiff replied, "I'll let you know." Plaintiff did not report to work after that call for any day leading up to July 15. Plaintiff sent in a doctor's note by another individual after July 11 for a two weeks absence dated July 10. The doctor's note did not specify the need to take such extended leave, and plaintiff did not call to provide more information for the extension. Plaintiff was terminated on July 14 for violating the Call-In policy when she failed to call in and show up to work for her scheduled shifts. (Doc. 22-2, ¶ 6). Plaintiff was informed of her termination when she finally showed up at work, not to work, but to pick up her final check on July 18, 2008. (See Doc. 5, ¶ 8).

Defendant filed a motion for summary judgment on March 17, 2010. (Doc. 21). Defendant asserts that it could not have violated FMLA because plaintiff has not asserted that the shoulder pain is her disability and/or serious health condition and plaintiff has not demonstrated

---

[1] Defendant propounded *Defendant's First Request for Admissions Propounded to Plaintiff* on January 29, 2010. Plaintiff did not respond within thirty days as required by FRCP 36, and the requested admissions therefor are deemed admitted.

that the shoulder pain is related to her anxiety and depression. Defendant also asserts that it did not violate the ADA because plaintiff never requested an accommodation from defendant as it relates to her alleged disability or any other impairment. (Doc. 22-2, ¶ 9). Any party opposing the motion for summary judgment was ordered to file a response in opposition on or before April 7, 2010. (Doc. 25). To date, no opposition has been filed.

## DISCUSSION

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir.1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e) "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not

3

suffice; there must be enough of a showing that the jury could reasonably find for that party."
Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

## B. Plaintiff's Claims

Defendant argues that it could not have violated the FMLA because plaintiff has not asserted that the shoulder pain is her disability and/or serious health condition and plaintiff has not demonstrated that the shoulder pain is related to her anxiety and depression. Plaintiff has not shown that she was entitled to FMLA leave due to a serious health condition that makes her unable to perform the functions of her position. See 29 U.S.C. § 2611(2)(A); § 2612(a)(1)(D). Defendant also asserts that plaintiff did not comply with the procedural notice requirements of FMLA. See 29 C.F.R. § 825.303(b).

Defendant also asserts plaintiff has not shown that defendant failed to provide a reasonable accommodation for her alleged disability, and thereby discriminated against her. According to defendant, it did not violate the ADA because plaintiff's shoulder pain is not a qualifying disability, plaintiff has not shown that she was discriminated against because of a disability, and plaintiff never requested an accommodation.

"In opposing a motion for summary judgment, a 'party may not rely on his pleadings to avoid judgment against him.'" Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom., Jones v. Resolution Trust Corp., 516 U.S. 817 (1995)(citing Ryan v. Int'l Union of Operating Eng'rs., Local 675, 794 F.2d 641, 643 (11th Cir. 1986)). Moreover,

4

"[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." Id. at 599 (citations omitted).

Plaintiff has not filed any response or opposition to defendant's motion. The court, after reviewing the pleadings in this case, concludes that all claims against defendant have been abandoned.

## **CONCLUSION**

For the reasons stated above, defendant's motion for summary judgment (Doc. 21), is **GRANTED**.

**DONE and ORDERED** this 1st day of June, 2010.

                                           /s/   Callie V. S. Granade
                                     UNITED STATES DISTRICT JUDGE